**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
Kansas City Division**

| | |
|---|---|
| KENDRA ROSS, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Case No. _____ |
| | ) |
| | ) Related Case in the United States District |
| | ) Court for the District of Kansas: Case No. |
| | ) 2:17-cv-2447-DDC-TJJ |
| | ) |
| | ) |
| | ) |
| THE PROMISE KEEPERS, INC. | ) |
| | ) |
| **Serve:** Ephraim Woods | ) |
| 2111 N. 10th Street | ) |
| Kansas City, KS 66104, | ) |
| | ) |
| *and* | ) |
| | ) |
| THE PROMISE KEEPERS 417 INC. | ) |
| | ) |
| **Serve:** Irma Dorsey | ) |
| Registered Agent | ) |
| 3428 Ravenwood Ave. | ) |
| Baltimore, MD 21213, | ) |
| | ) |
| *Defendants*. | ) |

## <u>VERIFIED COMPLAINT</u>

Plaintiff Kendra Ross ("Plaintiff" or "Ms. Ross"), by counsel and pursuant to Rule 3 of the

Federal Rules of Civil Procedure, respectfully files this complaint ("Complaint") against

Defendants The Promise Keepers, Inc. and The Promise Keepers 417 Inc. (collectively,

"Defendants" or "The Promise Keepers"). For her Complaint, Ms. Ross states and alleges the

following:

## INTRODUCTION

1.     On May 23, 2018, this Court entered a landmark $7.94 million default judgment (the "Judgment") against Royall Jenkins ("Jenkins"), The Value Creators, Inc. f/k/a The United Nation of Islam, Inc. ("UNOI"), The Value Creators LLC, and The Value Creators Inc. (collectively, "The Value Creators" and, together with UNOI, the "Corporate Judgment Debtors" and, together with Jenkins, "Judgment Debtors").

2.     The Judgment resulted from Ms. Ross' claims against Jenkins and the Corporate Judgment Debtors for forced labor, human trafficking, violations of the Fair Labor Standards Act, violations of various states' minimum wage laws, violations of the RICO Act, conversion, unjust enrichment, and negligent and intentional infliction of emotional distress.

3.     Since the Judgment was entered, Judgment Debtors have frustrated and obstructed Ms. Ross' collections and discovery efforts, and the Judgment remains unsatisfied.

4.     On the *very same day* this Court entered the Judgment against Judgment Debtors in favor of Ms. Ross, The Promise Keepers, Inc. filed not-for-profit articles of incorporation, and a few months later, The Promise Keepers 417 Inc. also filed articles of incorporation.

5.     The Promise Keepers are *de facto* successors of Judgment Debtors, and Judgment Debtors have been transferring assets to The Promise Keepers with actual intent to hinder, delay, and defraud Ms. Ross and her efforts to collect the Judgment.

6.     Justice requires recognizing the substance of the relationship over form because Defendants and Judgment Debtors are utilizing a corporate fiction to perpetuate a fraud and attempt to defeat Ms. Ross' rightful claim.

7.     Ms. Ross brings this action in order to collect monies that were, and continue to be, fraudulently transferred from Judgment Debtors to The Promise Keepers, and to seek relief from

further flouting of the Court's Judgment in this matter.

## PARTIES, JURISDICTION, AND VENUE

8.      Plaintiff Kendra Ross is a 27-year-old who, since 2013, has resided in and been a citizen of a state within the United States other than the states of Kansas and Maryland.[1]

9.      The Promise Keepers, Inc. is a not-for-profit incorporation organized under the State of Kansas with its registered office at 1121 Quindaro Blvd, Kansas City, Kansas, 66104.

10.      According to its Articles of Incorporation and a business entity search conducted through the Kansas Business Center, The Promise Keepers, Inc. incorporated on May 23, 2018, at 7:54 pm by Ephraim Woods ("Woods") of 2111 N. 10th Street, Kansas City, Kansas, 66104.

11.      Woods is a director for The Promise Keepers, Inc., along with Dana Peach ("Peach") and Lynneice Gamble ("Gamble"), who list 1121 Quindaro Blvd, Kansas City, Kansas 66104 for their addresses.

12.       The Articles of Incorporation for The Promise Keepers, Inc. state that "[t]he purpose of this business entity is to engage in any lawful act or activity for which the entity may be organized under the laws of Kansas.  In addition; these Lawful acts and activities Will Magnify Life in bringing in a New and Greater Tomorrow."

13.      The Promise Keepers 417 Inc. is a tax-exempt nonstock corporation with a principal office at 3428 Ravenwood Ave, Baltimore, MD, 21213.

14.      According to its Articles of Incorporation, The Promise Keepers 417 Inc. incorporated on August 20, 2018, by Woods of 2111 N. 10th Street, Kansas City, Kansas, 66104.

---

[1] Ms. Ross began living in a safe house in April 2015 to avoid detection by her former traffickers, and since obtaining a judgment against Judgment Debtors, Ross has been concerned about her safety and has continued to take measures to keep her residence confidential.  Therefore, she does not plead her residence on the public record but is willing to file a sealed *ex parte* Affidavit stating her residence upon the Court's request.

15.     Woods is a director of The Promise Keepers 417 Inc., along with Peach and Gamble.  Irma Dorsey is the resident agent for The Promise Keepers 417 Inc. under the address of 3428 Ravenwood Ave, Baltimore, MD 21213.

16.     The listed purpose of The Promise Keepers 417 Inc. is "Any Legal and Lawful Activity that magnifies Life and promotes prosperity."

17.     This Court has federal subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because complete diversity exists between Ms. Ross (not a citizen of the states of Maryland or Kansas) and both Defendants (citizens of the states of Maryland and Kansas), and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

18.     This Court has personal jurisdiction over The Promise Keepers, Inc. because The Promise Keepers, Inc. maintains a registered office in Kansas and is organized under the State of Kansas.

19.     This Court has personal jurisdiction over The Promise Keepers 417 Inc. pursuant to the Kansas long-arm statute, K.S.A. 60-308, because The Promise Keepers 417 Inc. transacts business in Kansas; has committed tortious acts in Kansas; and owns, uses, and possesses real estate in Kansas.

20.     The exercise of personal jurisdiction over Defendants is consistent with due process.

21.     Venue is appropriate under 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claims occurred in this District.

## FACTUAL BACKGROUND

I.   **Royall Jenkins, the United Nation of Islam, and the Value Creators**

22.     On May 23, 2018, this Court entered a judgment in favor of Ms. Ross against

Jenkins, The Value Creators, Inc. f/k/a The United Nation of Islam, Inc., The Value Creators LLC, and The Value Creators Inc. in the amount of $453,517.20 for restitution damages, $2,920,000 for emotional distress damages, $3,373,517.20 for punitive damages, $282,677.50 for liquidated damages, $907,034.40 for trebled RICO damages, and $1,800 for conversion damages, plus post-judgment interest at the rate of 2.32%. *See* Case No. 2:17-cv-2447-DDC-TJJ ECF Nos. 40, 41.[2]

23.    During all times relevant to the events that form the basis of this Complaint, Jenkins was the business and spiritual leader of UNOI, The Value Creators, and The Promise Keepers.

24.    Jenkins founded UNOI in or around 1978.

25.    Jenkins and others incorporated UNOI in Delaware on or around June 1993. UNOI's date of formation in Kansas was on or around September 2, 1997.

26.    UNOI is a Delaware corporation and it maintained its principal place of business at 1608 North 13th Street, Kansas City, Kansas, at all relevant times during this lawsuit.

27.    On or around July 31, 2015, UNOI formally changed its name in Kansas to The Value Creators, Inc.

28.    Jenkins and others established The Value Creators as a successor in interest to UNOI.

29.    Jenkins and others organized The Value Creators LLC in the State of Maryland on or around November 7, 2014.

30.    At the time of organization, The Value Creators LLC had at least three members: Defendant Jenkins, Woods, and Mr. William Green ("Green").

---

[2] Plaintiff adopts and incorporates by reference the filings of the related matter, *Ross v. Jenkins et. al.,* Case No. 2:17-cv-2537-DDC-TJJ (D. Kan.), and pursuant to Federal Rule of Evidence 201 respectfully asks that the Court take judicial notice of this proceeding and filings therein. *Cf.* Fed. R. Civ. P. 10(c).  If requested by the Court, Plaintiff will supplement the record with any filings requested.

31.     At all relevant times, Woods has been a resident of the State of Kansas, and Green has been a resident of the States of Connecticut and Maryland.

32.     The principal place of business of The Value Creators LLC is 2111 North 10th Street, Kansas City, Kansas 66104.

33.     Jenkins and others incorporated The Value Creators Inc. in Kansas on or around April 16, 2015.

34.     The Value Creators Inc. maintains its principal place of business at 1121 Quindaro Boulevard, Kansas City, Kansas 66104.

35.     Generally, The Value Creators include the successor organizations to UNOI, and they own the personal, real and intellectual property, as well as other assets.

36.     The Value Creators is effectively UNOI under a different name, and includes all of the same (or very similar) businesses and members.

37.     "The Value Creators now own the personal, real, and intellectual property used by these communities in the nation-wide trafficking scheme at issue in this case." *See* Case No. 1:17-cv-2547 ECF No. 40 at p. 5.

38.     "The Value Creators currently owns and operates Food for Life Supreme, with locations in Atlanta, Georgia; Newark, New Jersey; Harlem, New York; Temple Hills, Maryland; Dayton, Ohio; Cincinnati, Ohio; Mobile, Alabama; and Kansas City, Kansas." *See* Case No. 1:17-cv-2547 ECF No. 40 at p. 10.

## II.     Post-Judgment Enforcement

39.     On June 25, 2018, Ms. Ross filed a Motion for Writ of Execution.  *See* Case No. 1:17-cv-2547 ECF Nos. 45, 45-1.

40.     On October 2, 2018, the Court granted Ms. Ross' Motion for Writ of Execution and

directed the United States Marshal to seize any non-exempt personal property belonging to Judgment Debtors, sell this property to satisfy the Judgment, and serve a copy of the writ on Judgment Debtors under Kan. Stat. Ann. § 60-2401. *See* Case No. 1:17-cv-2547 ECF No. 93 at p. 13. The Writ of Execution was entered on October 2, 2018. *See* Case No. 1:17-cv-2547 ECF No. 94.

41.     The Clerk of the Court complied, mailing the writ to all Judgment Debtors. *See* Case No. 1:17-cv-2547 ECF No. 94.

42.     On October 11, 2018, the Marshal served the writ personally on Mr. Griegory Moten, the registered agent for Corporate Judgment Debtors at an address on Quindaro Blvd. in Kansas City, Kansas. *See* Case No. 1:17-cv-2547 ECF Nos. 95, 96, 97.

43.     The Marshal attempted to serve Mr. Jenkins three times at 2111 N. 10th Street, Kansas City, Kansas, 66104, an address Mr. Jenkins used in various court filings, but was unable to locate Mr. Jenkins at that address. *See* Case No. 1:17-cv-2547 ECF No. 111. On November 20, 2018, the Marshal certified that he had failed to serve Mr. Jenkins personally with the Writ of Execution. *See id.*

44.     The May 23, 2018 Judgment remains unsatisfied despite continued collection efforts by Ms. Ross, *see, e.g.*, Case No. 1:17-cv-2547 ECF Nos. 53, 60, 70, 78, 86, 101, 102, and despite the solvency of Judgment Debtors recognized by this Court's Order in May 2018, Case No. 1:17-cv-2547 ECF No. 40.

45.     Judgment Debtors have frustrated and obstructed Ms. Ross' collections efforts by failing to respond to Mr. Ross' post-judgment discovery, ignoring related motions to compel, and failing to appear for depositions and the scheduled Judgment Debtors Examination before this Court.

46.     Further, Judgment Debtors have been and continue to transfer assets to alter ego/successor entities and insiders with an actual intent to hinder, delay, and defraud Ms. Ross, without receiving reasonably equivalent value, and to become insolvent, *i.e.*, judgment proof.

47.     Ms. Ross is still the owner of the Judgment.

III.   **The Promise Keepers**

48.     The Promise Keepers, Inc. filed not-for-profit articles of incorporation on May 23, 2018 at 7:54 p.m. – the ***very same day*** that this Court awarded Ms. Ross the Judgment against Judgment Debtors.

49.     Shortly thereafter, The Promise Keepers 417 Inc. filed articles of incorporation for a tax-exempt nonstock corporation on August 20, 2018 at 3:51 p.m.

50.     Woods is the incorporator and a director of the Promise Keepers, Inc. and The Promise Keepers 417 Inc.

51.      Woods is also a member of The Value Creators, Inc. and The Value Creators LLC.

52.     Gamble is a director of the Promise Keepers, Inc. and The Promise Keepers 417 Inc.

53.      Gamble is a Secretary for The Value Creators (along with Jenkins, Woods, and Greene).

54.     The registered address of The Promise Keepers, Inc., 1121 Quindaro Blvd, Kansas City, Kansas, 66104, is the same as:

   a.     The registered office of The Value Creators, Inc.;

   b.     The address of Mr. Griegory Moten, the registered agent of The Value Creators, Inc. and The Value Creators, LLC;

   c.     The address of the Community House of Wellness, which is owned and

operated by The Value Creators;

> d.     The address for Dr. Marvin McIntosh, a doctor for Judgment Debtors; and

> e.     The current mailing address for the United Nation of Islam.

55.     The mailing address of The Promise Keepers, Inc., 2111 N. 10th Street Kansas City,
KS, 66104, is the same as:

> a.     The address of Woods, a director of The Value Creators, Inc., the manager
> of The Value Creators, Inc., and a managing member of The Value Creators
> LLC (and also the incorporator of The Promise Keepers, Inc., the
> incorporator of The Promise Keepers 417 Inc., a director of The Promise
> Keepers, Inc.);

> b.     The address of Jenkins, the "Spiritual Head" of Judgment Debtors and a
> managing member of The Value Creators LLC; and

> c.     The address Jenkins provided in Case No. 1:17-cv-2547.

56.     When asked about The Promise Keepers under oath, a self-proclaimed former
member of both UNOI and The Value Creators stated that The Promise Keepers is "the same thing
as Value Creators. They just changed the name []" and "Promise Keepers organized . . . whatever
day the lawsuit was confirmed" in order to avoid the Judgment entered against Jenkins, UNOI,
and The Value Creators. This individual also stated under oath that The Promise Keepers is the
"same entity" as The Value Creators, "[j]ust with a different name"; has the same key leaders as
The Value Creators; and has the same teachings as The Value Creators.

57.     Numerous other statements by members of UNOI/Value Creators/Promise Keepers
before this Court and/or under oath during a deposition reflect their understanding and belief that
UNOI/Value Creators has become, and now operates, as the Promise Keepers.

58.     On May 31, 2018, Woods opened a savings account with Bank of America for The Promise Keepers, Inc., "For UG Transportation." *See* Business Signature Card, attached hereto as **Exhibit A**. [3]

59.     Also on May 31, 2018, Woods opened a savings account with Bank of America for The Promise Keepers, Inc., "For Royall Essence." *See* Business Signature Card, attached hereto as **Exhibit B**.

60.     Also on May 31, 2018, Woods opened a savings account with Bank of America for The Promise Keepers, Inc., "For Royalls Finest." *See* Business Signature Card, attached hereto as **Exhibit C**.

61.     Also on May 31, 2018, Woods opened a savings account with Bank of America for The Promise Keepers, Inc., "For Connecticut." *See* Business Signature Card, attached hereto as **Exhibit D**.

62.     Also on May 31, 2018, Woods opened a savings account with Bank of America for The Promise Keepers, Inc., "For Supreme Eatery." *See* Business Signature Card, attached hereto as **Exhibit E**.

63.     Also on May 31, 2018, Woods opened a savings account with Bank of America for The Promise Keepers, Inc., "For Kansas." *See* Business Signature Card, attached hereto as **Exhibit F**.

64.     Also on May 31, 2018, Woods opened a savings account with Bank of America for The Promise Keepers, Inc., "For Atlanta." *See* Business Signature Card, attached hereto as **Exhibit G**.

---

[3] Exhibits A-P have been redacted pursuant to Rule 5.2 of the Federal Rules of Civil Procedure and are adopted by reference and incorporated herein pursuant to Rule 10(c) of the Federal Rules of Civil Procedure.

65.     Also on May 31, 2018, Woods opened a savings account with Bank of America for The Promise Keepers, Inc., "National Account." *See* Business Signature Card, attached hereto as **Exhibit H**.

66.     Also on May 31, 2018, Woods opened a savings account with Bank of America for The Promise Keepers, Inc., "For Maryland." *See* Business Signature Card, attached hereto as **Exhibit I**.

67.     Also on May 31, 2018, Woods opened a savings account with Bank of America for The Promise Keepers, Inc., "For Chicago." *See* Business Signature Card, attached hereto as **Exhibit J**.

68.     Upon information and belief, at some point after the organization of The Promise Keepers, some or all of The Value Creator's assets in its bank accounts were transferred to The Promise Keepers.

69.     On July 7, 2018, The Value Creators, Inc. fraudulently granted and conveyed property located at 1213 Cash Valley Road, Eglon, West Virginia to The Promise Keepers for a sum of $10.00. *See* Quit Claim Deed, attached hereto as **Exhibit K**.  Green signed this Quit Claim Deed as the Grantor/Seller for The Value Creators, Inc. and Woods signed this Quit Claim Deed as the Director of The Promise Keepers, Inc. *Id.*

70.     On July 13, 2018, UNOI fraudulently granted and conveyed property located at 712 Quindaro Boulevard, Kansas City, Kansas, to The Promise Keepers, Inc. for the sum of $10.00. *See* Corporation Deed, attached hereto as **Exhibit L**.  Jenkins signed this Deed as the President of UNOI. *Id.*

71.     On July 13, 2018, UNOI also fraudulently granted and conveyed property located at 1210 Quindaro Boulevard, Kansas City, Kansas, to The Promise Keepers, Inc. for the sum of

$10.00.  *See* Corporation Deed, attached hereto as **Exhibit M**.  Jenkins signed this Deed as the President of UNOI.  *See id.*

72.     On July 13, 2018, UNOI also fraudulently granted and conveyed property located at 716 Quindaro Boulevard, Kansas City, Kansas, to The Promise Keepers, Inc. for the sum of $10.00.  *See* Corporation Deed, attached hereto as **Exhibit N**.  Jenkins signed this Deed as the President of UNOI.  *Id.*

73.     On July 13, 2018, UNOI also fraudulently granted and conveyed property located at 2600 North 13th Street, Kansas City, Kansas, to The Promise Keepers, Inc. for the sum of $10.00. *See* Corporation Deed, attached hereto as **Exhibit O**.  Jenkins signed this Deed as the President of UNOI.  *Id.*

74.     On July 13, 2018, UNOI also fraudulently granted and conveyed property located at 2200 North 10th Street, Kansas City, Kansas, to The Promise Keepers, Inc. for the sum of $10.00. *See* Corporation Deed, attached hereto as **Exhibit P**.  Jenkins signed this Deed as the President of UNOI.  *Id.*

## IV.     Piercing the Corporate Veil

75.     At all relevant times, there was a unity of interest and ownership between Defendants and Judgment Debtors.

76.     At all relevant times, Jenkins and Woods controlled both Defendants and Judgment Debtors, and Defendants and Judgment Debtors were alter egos of each other.

77.     Defendants and Judgment Debtors were engaged in inappropriately transferring assets of value among themselves, Woods, and Jenkins without the exchange of substantive benefit.

78.     Judgment Debtors have transferred assets to Defendants without reasonably

equivalent value received by Defendants and likely for the purpose of delayed or hindering Ms. Ross as a creditor of Judgment Debtors.

79. Defendants are *de facto* successors of Judgment Debtors.

80. Allowing the separateness of the corporate structures of Defendants and Judgment Debtors to stand would work a fraud or injustice on Ms. Ross.

81. Without piercing the corporate veil, Ms. Ross will be unable to recoup damages and monies owed by Judgment Debtors pursuant to the Judgment.

82. Defendants should be liable to Ms. Ross to the same extent as Judgment Debtors.

## COUNT I: RES JUDICATA/COLLATERAL ESTOPPEL

83. Ms. Ross hereby incorporates by reference paragraphs 1 through 82 as if fully set forth herein.

84. In her action against Judgment Debtors, Ms. Ross obtained a final judgment on the merits on May 23, 2018.  *See* Case No. 1:17-cv-2547 ECF Nos. 40, 41**.**

85. The Court had jurisdiction over the subject matter and Judgment Debtors.

86. Judgment Debtors had a full and fair opportunity to litigate the issues and claims in Case No. 1:17-cv-2547.

87. Ms. Ross could not have joined Defendants in Case No. 1:17-cv-2547 because Defendants incorporated on or after May 23, 2018—the day this Court entered judgment against Judgment Debtors.

88. Defendants and their agents have the same addresses as one or more of Judgment Debtors or agents of Judgment Debtors.

89. The agents of Defendants are or were agents of Judgment Debtors.

90. Defendants, whether termed successors in interest, an alter ego, a proxy, or mere

instrumentality, are in privity with one or more of Judgment Debtors.

91.     The relationship between Judgment Debtors and Defendants bind Defendants to the May 23, 2018 Judgment.

92.     Judgment Debtors and Defendants have extensive commonality as to ownership/control and interest.

93.     Corporate Judgment Debtors and Defendants are alter egos.

94.     The business and assets of Judgment Debtors and Defendants are so mingled that recognizing them as distinct would unjustly allow Judgment Debtors to avoid collection by Ms. Ross by transferring and moving assets.

95.     Corporate Judgment Debtors and Defendants act as one entity and are managed as one entity and do not observe corporate formalities.

96.     This Court has personal jurisdiction and subject matter jurisdiction over Defendants.

97.     Upon information and belief, Judgment Debtors transferred assets to Defendants with actual intent to hinder, delay, and defraud Ms. Ross and her efforts to collect her judgment, which remains unsatisfied.

**COUNT II: FRAUDULENT TRANSFER**

**Kansas Uniform Fraudulent Transfer Act, K.S.A. 33-201 *et seq*.**

**(In the Alternative)**

98.     Ms. Ross hereby incorporates by reference paragraphs 1 through 97 as if fully set forth herein.

99.     Judgment Debtors incorporated Defendants after entry of the final judgment in favor of Ms. Ross.

100.     Defendants incorporated and are controlled by insiders of Corporate Judgment Debtors.

101.     Defendants incorporated to fraudulently conceal and transfer assets to thwart collection by Ms. Ross.

102.     Judgment Debtors transferred assets to Defendants without receiving reasonably equivalent value in return and with the intent to hinder, delay, or defraud Ms. Ross, their creditor, including, without limitation, the following:

     a.    Upon information and belief, at some point after the organization of The Promise Keepers, some or all of The Value Creator's assets in its bank accounts were transferred to The Promise Keepers.

     b.    On July 7, 2018, The Value Creators, Inc. granted and conveyed property located at 1213 Cash Valley Road, Eglon, West Virginia to The Promise Keepers for a sum of $10.00.  *See* Quit Claim Deed, attached hereto as **Exhibit K**.  Green signed this Quit Claim Deed as the Grantor/Seller for The Value Creators, Inc. and Woods signed this Quit Claim Deed as the Director of The Promise Keepers, Inc.  *See id.*

     c.    On July 13, 2018, UNOI granted and conveyed property located at 712 Quindaro Boulevard, Kansas City, Kansas, to The Promise Keepers, Inc. for the sum of $10.00.  *See* Corporation Deed, attached hereto as **Exhibit L**.  Jenkins signed this Deed as the President of UNOI.  *Id.*

     d.    On July 13, 2018, UNOI also granted and conveyed property located at 1210 Quindaro Boulevard, Kansas City, Kansas, to The Promise Keepers, Inc. for the sum of $10.00.  *See* Corporation Deed, attached hereto as

**Exhibit M**.  Jenkins signed this Deed as the President of UNOI.  *Id.*

e.     On July 13, 2018, UNOI also granted and conveyed property located at 716 Quindaro Boulevard, Kansas City, Kansas, to The Promise Keepers, Inc. for the sum of $10.00.  *See* Corporation Deed, attached hereto as **Exhibit N**.  Jenkins signed this Deed as the President of UNOI.  *Id.*

f.     On July 13, 2018, UNOI also granted and conveyed property located at 2600 North 13th Street, Kansas City, Kansas, to The Promise Keepers, Inc. for the sum of $10.00.  *See* Corporation Deed, attached hereto as **Exhibit O**.  Jenkins signed this Deed as the President of UNOI.  *Id.*

g.     On July 13, 2018, UNOI also granted and conveyed property located at 2200 North 10th Street, Kansas City, Kansas, to The Promise Keepers, Inc. for the sum of $10.00.  *See* Corporation Deed, attached hereto as **Exhibit P**.  Jenkins signed this Deed as the President of UNOI.  *Id.*

## COUNT III: UNJUST ENRICHMENT

### (In the Alternative)

103.    Ms. Ross hereby incorporates by reference paragraphs 1 through 102 as if fully set forth herein.

104.    Defendants have been, and continue to be, unjustly enriched by transfers from one or more of Judgment Debtors.

105.    On May 23, 2018, this Court entered Judgment against Judgment Debtors in favor of Ms. Ross – the very same day of Defendants' incorporation.

106.    The incorporation of Defendants and the transfer of assets from one or more Judgment Debtors to Defendants was to hinder, delay, and defraud Ms. Ross, a creditor of

Judgment Debtors.

107.    Defendants had actual or constructive knowledge of Ms. Ross' claim before and after entry of the Judgment.

108.    Defendants received Judgment Debtors' assets without giving reasonably equivalent value, including but not limited to the following:

a.    Upon information and belief, at some point after the organization of The Promise Keepers, some or all of The Value Creator's assets in its bank accounts were transferred to The Promise Keepers.

b.    On July 7, 2018, The Value Creators, Inc. granted and conveyed property located at 1213 Cash Valley Road, Eglon, West Virginia to The Promise Keepers for a sum of $10.00.  *See* Quit Claim Deed, attached hereto as **Exhibit K**.  Green signed this Quit Claim Deed as the Grantor/Seller for The Value Creators, Inc. and Woods signed this Quit Claim Deed as the Director of The Promise Keepers, Inc.  *Id.*

c.    On July 13, 2018, UNOI granted and conveyed property located at 712 Quindaro Boulevard, Kansas City, Kansas, to The Promise Keepers, Inc. for the sum of $10.00.  *See* Corporation Deed, attached hereto as **Exhibit L**.  Jenkins signed this Deed as the President of UNOI.  *Id.*

d.    On July 13, 2018, UNOI also granted and conveyed property located at 1210 Quindaro Boulevard, Kansas City, Kansas, to The Promise Keepers, Inc. for the sum of $10.00.  *See* Corporation Deed, attached hereto as **Exhibit M**.  Jenkins signed this Deed as the President of UNOI.  *Id.*

e.    On July 13, 2018, UNOI also granted and conveyed property located at 716

Quindaro Boulevard, Kansas City, Kansas, to The Promise Keepers, Inc. for the sum of $10.00. *See* Corporation Deed, attached hereto as **Exhibit N**. Jenkins signed this Deed as the President of UNOI. *Id.*

f.    On July 13, 2018, UNOI also granted and conveyed property located at 2600 North 13th Street, Kansas City, Kansas, to The Promise Keepers, Inc. for the sum of $10.00. *See* Corporation Deed, attached hereto as **Exhibit O**. Jenkins signed this Deed as the President of UNOI. *Id.*

g.    On July 13, 2018, UNOI also granted and conveyed property located at 2200 North 10th Street, Kansas City, Kansas, to The Promise Keepers, Inc. for the sum of $10.00. *See* Corporation Deed, attached hereto as **Exhibit P**. Jenkins signed this Deed as the President of UNOI. *Id.*

## DESIGNATION OF PLACE OF TRIAL

109.    Pursuant to D. Kan. Rule 40.2, Ms. Ross respectfully requests that any trial of the above-captioned matter be held in Kansas City, Kansas.

## NOTICE OF RELATED CASE

110.    This matter is a related case to Case No. 2:17-cv-2447-DDC-TJJ.

## PRAYER FOR RELIEF

111.    WHEREFORE, Plaintiff Kendra Ross respectfully demands judgment in her favor, and against Defendants The Promise Keepers, Inc. and The Promise Keepers 417 Inc. as follows:

a.    An order requiring Defendants to pay Plaintiff an amount equal to the Judgment against Judgment Debtors—$8,055,730.64—plus interest;

b.    An order finding Defendants the alter ego of Judgment Debtors;

c.    An order holding Defendants liable for Judgment Debtors' debts by piercing

18

the corporate veil between Defendants and Judgment Debtors;

d.      An order finding a constructive trust for all property transferred by the Judgment Debtor or Defendants;

e.      An injunction against further disposition of property, assets, or funds by Defendants, their successors, assigns, agents, or any one acting in concert with them;

f.      An order that all transfers from Judgment Debtors to Defendants are fraudulent transfers and void as a matter of law;

g.      An order that Defendants transfer all legal rights, interest, and title to any and all property unjustly received from Judgment Debtors to Plaintiff;

h.      All costs and reasonable fees associated with this proceeding; and

i.      Any other relief the circumstances may require.

Dated: February 15, 2019                    Respectfully submitted,

                                            /s/ **Kendra Ross**

                                            *By Counsel*

*/s/ Gillian Chadwick*
Gillian Chadwick, Bar No. 27361
Supervising Attorney
Washburn Law Clinic
Washburn University School of Law
Topeka, Kansas 66621
785/670-1191
gillian.chadwick@washburn.edu

***PRO HAC VICE* APPLICATION FILED
ON FEBRUARY 15, 2019**
Elizabeth A. Hutson, Esq. (D.C. Bar No. 1024845)
MCGUIREWOODS LLP
2001 K Street, NW

Suite 400
Washington, DC 20006
Tel: (202) 857-1700
Fax: (202) 828-2973
E-mail: ehutson@mcguirewoods.com

## **VERIFICATION**

I, the undersigned, being first duly sworn, deposes and says that I am the plaintiff in the above-captioned case, am of sound mind and body, and have read the foregoing Verified Complaint and know the contents thereof; and that to the best of my knowledge and belief, the foregoing Verified Complaint is true, except as to those things stated upon information and belief, and as to those I believe them to be true.

**Kendra Ross**

Sworn to and subscribed by me this the _14th_ day of _February_ , 2019.

Notary Public

My Commission Expires: _06 30 2022_

Seal:

20