# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KENDRA ROSS,

     **Plaintiff,**

**v.**              Case No. 19-2091-DDC-TJJ

THE PROMISE KEEPERS, INC., et al.,

     **Defendants.**

## MEMORANDUM AND ORDER

On February 15, 2019, plaintiff filed a Verified Complaint against two corporate entities: The Promise Keepers, Inc. ("The Promise Keepers"), and The Promise Keepers 417 Inc. ("The Promise Keepers 417"). Doc. 1. Her Complaint identifies Ephraim Woods as the registered agent for The Promise Keepers and Irma Dorsey as the registered agent for The Promise Keepers 417. Now, Mr. Woods and Ms. Dorsey have signed and filed several motions purporting to seek relief on defendants' behalf. Mr. Woods has signed and filed: (1) a "Judicial Demand and Notice" (Doc. 21), purportedly for both defendants; (2) a Motion to Dismiss (Doc. 26) for defendant The Promise Keepers; and (3) a "Motion to Object" (Doc. 28) for defendant The Promise Keepers. And Ms. Dorsey has signed and filed: (1) a "Judicial Demand and Notice"[1] (Doc. 22), purportedly for both defendants; (2) a Motion to Dismiss (Doc. 25) for defendant The Promise Keepers 417; and (3) a "Motion to Object" (Doc. 29) for defendant The Promise Keepers 417.[2] Mr. Woods and Ms. Dorsey also have filed motions titled "Notice and Demand

---

[1]  The docket reflects that Ms. Dorsey has filed this motion, and she has signed it. *See* Doc. 22 at 9–10. But the first page of the motion represents that Mr. Woods seeks the relief requested. Because Ms. Dorsey has signed the filing, however, the court construes it as her filing.

[2]  The docket reflects that Ms. Dorsey also has filed this motion, and she has signed it. *See* Doc. 29 at 4–5. But the first page of this motion also represents that Mr. Woods seeks the relief requested. As with Doc. 22, because Ms. Dorsey has signed Doc. 29, the court construes it as her filing.

Counterclaim" (Docs. 23 & 24). These filings demand relief on behalf of Mr. Woods and Ms. Dorsey.[3]

But the only two defendants in this case are business organizations—specifically, corporations. And generally, in federal court, only an attorney admitted as a member of this court's bar may represent a business organization. *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001) (citing *Flora Constr. Co. v. Fireman's Fund Ins. Co.*, 307 F.2d 413, 414 (10th Cir. 1962) ("The rule is well established that a corporation can appear in a court of record only by an attorney at law.")); *Tal v. Hogan*, 453 F.3d 1244, 1254 n.8 (10th Cir. 2006) (collecting cases). Neither Mr. Woods nor Ms. Dorsey are admitted to practice before our court. Accordingly, neither movant can seek relief for either one of the defendants in this case. If defendants wish to seek relief, they must do so through a properly admitted member of this court's bar.

The court exercises its discretion to strike Mr. Woods and Ms. Dorsey's motions. *See* Fed. R. Civ. P. 12(f)(1) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act . . . on its own."); *United States ex rel. Smith v. Boeing Co.*, No. 05-1073-WEB, 2009 WL 2486338, at *3 (D. Kan. Aug. 13, 2009) ("[T]he court has discretion on its own to strike an insufficient defense, *see* Rule 12(f)(1). . . . A defense is considered insufficient if it cannot succeed, as a matter of law, under any circumstances." (citing *Wilhelm v. TLC Lawn Care, Inc.*, No. 07-2465-KHV, 2008 WL 474265, at *2 (D. Kan. Feb. 19, 2008)); *see also Liberty Mut. Ins. Co. v. Hurricane Logistics Co.*, 216 F.R.D. 14, 15 n.3 (D.D.C. 2003) ("If a corporate defendant does not retain counsel, the

---

[3]    In four of their motions (Docs. 21, 22, 23, & 24), Mr. Woods and Ms. Dorsey add their names to the case caption as if they were defendants. The rules do not authorize persons to insert themselves as parties simply by making a filing that says they are parties. The court does not recognize Mr. Woods or Ms. Dorsey as defendants in this case because they are not.

court may strike the corporation's answer." (citing *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984)).

The court also strikes Mr. Woods and Ms. Dorsey's motions titled "Notice and Demand Counterclaim" (Docs. 23 & 24). Mr. Woods and Ms. Dorsey simply have added their names as defendants to the case's captions on both filings. Plaintiff never has named Mr. Woods or Ms. Dorsey as a defendant. Thus, they cannot assert counterclaims against plaintiff because plaintiff has asserted no claims against them.

The court thus strikes the motions filed by Ephraim Woods and Irma Dorsey (Docs. 21, 22, 23, 24, 25, 26, 28, & 29) because Mr. Woods and Ms. Dorsey are not members of this court's bar and cannot seek relief on defendants' behalf, and, as non-parties, they cannot assert Counterclaims.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the motions filed by Ephraim Woods and Irma Dorsey (Docs. 21, 22, 23, 24, 25, 26, 28, & 29) are stricken from the record of this case.

**IT IS SO ORDERED.**

**Dated this 5th day of March, 2019, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
