# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KENDRA ROSS,

        Plaintiff,

v.

THE PROMISE KEEPERS, INC., et al.,

        Defendants.

Case No. 19-2091-DDC-TJJ

## MEMORANDUM AND ORDER

On March 5, 2019, the court entered an Order striking several motions filed by Ephraim Woods and Irma Dorsey. Doc. 31. Plaintiff's Verified Amended Complaint (Doc. 45) lists Mr. Woods as the registered agent for The Promise Keepers, Inc., and Ms. Dorsey as the registered agent for The Promise Keepers 417 Inc. Because all defendants are business organizations—specifically, corporations—and because neither Mr. Woods nor Ms. Dorsey are admitted to practice law before our court, the court held that neither movant could make motions or otherwise seek relief for defendants. *See* Doc. 31 at 2–3. The court also held that, because plaintiff named neither Mr. Woods nor Ms. Dorsey as a defendant, they could not assert counterclaims in the case. *See id.* at 3.

Now, Mr. Woods and Ms. Dorsey have filed another round of motions objecting to the court's March 5, 2019, Order and moving to vacate default judgments in three cases, including this one, as well as all future cases. *See* Docs. 36, 37, 42, & 43. In their "Motion[s] for Objection" (Docs. 36 & 37), Mr. Woods and Ms. Dorsey challenge the court's Order striking their earlier motions. They also seek "protection and injunction to stop all actions" against defendants. Doc. 36 at 5; Doc. 37 at 4. And, in their "Motion[s] to Vacate Default Judgment"

(Docs. 42 & 43), Mr. Woods and Ms. Dorsey seek to "[v]acate the [d]efault [j]udgment" against them and their personal property.[1]  Doc. 42 at 1; Doc. 43 at 1.

As the court explained in its March 5 Order, neither Mr. Woods nor Ms. Dorsey can seek relief for any of the defendants in this case.  Defendants are all corporations.  And, generally, in federal court, only an attorney admitted as a member of the federal court's bar may represent a business organization.  *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001) (citing *Flora Constr. Co. v. Fireman's Fund Ins. Co.*, 307 F.2d 413, 414 (10th Cir. 1962) ("The rule is well established that a corporation can appear in a court of record only by an attorney at law.")); *Tal v. Hogan*, 453 F.3d 1244, 1254 n.8 (10th Cir. 2006) (collecting cases).  Neither Mr. Woods nor Ms. Dorsey are admitted to practice before our court.  If defendants wish to seek relief, they must do so through a properly admitted member of this court's bar.

Also, the court exercises its discretion to strike Mr. Woods and Ms. Dorsey's motions. *See* Fed. R. Civ. P. 12(f)(1) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  The court may act . . . on its own."); *United States ex rel. Smith v. Boeing Co.*, No. 05-1073-WEB, 2009 WL 2486338, at *3 (D. Kan. Aug. 13, 2009) ("[T]he court has discretion on its own to strike an insufficient defense, *see* Rule 12(f)(1). . . .  A defense is considered insufficient if it cannot succeed, as a matter of law, under any circumstances." (citing *Wilhelm v. TLC Lawn Care, Inc.*, No. 07-2465-KHV, 2008 WL 474265, at *2 (D. Kan. Feb. 19, 2008))); *see also Liberty Mut. Ins. Co. v. Hurricane Logistics Co.*, 216 F.R.D. 14, 15 n.3 (D.D.C. 2003) ("If a corporate defendant does not retain counsel, the

---

[1]  In his "Motion to Vacate Default Judgment" (Doc. 43), Mr. Woods has added his name to the case caption as if he were a party defendant in it.  But sleight of hand is no substitute for complying with the Federal Rules of Civil Procedure.  Those rules do not authorize persons to insert themselves as parties in a case simply by making a filing that says they are parties.  Mr. Woods isn't a defendant in this case, and he cannot make himself a defendant by simply saying it is so.

court may strike the corporation's answer." (citing *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984))).

The court also strikes Mr. Woods and Ms. Dorsey's motions titled "Motion to Vacate Default Judgment" (Docs. 42 & 43). Plaintiff never has named Mr. Woods or Ms. Dorsey as a defendant. But, again, Mr. Woods simply has inserted his name as a defendant in the case's caption in his "Motion to Vacate Default Judgment." Doc. 43 at 1. And, even if Mr. Woods had the authority to appoint himself as a defendant, it wouldn't matter. The court hasn't entered any default judgments in this case. In short, there's no default judgment for the court to vacate. Thus, Mr. Woods and Ms. Dorsey cannot move to vacate a non-existent judgment against plaintiff. Plaintiff has asserted no claims against them, and the court has entered no judgment against them.

The court thus strikes the motions filed by Ephraim Woods and Irma Dorsey (Docs. 36, 37, 42, & 43) because Mr. Woods and Ms. Dorsey are not members of this court's bar and cannot seek relief on defendants' behalf, and, as non-parties, they cannot move to vacate a default judgment that doesn't exist.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the motions filed by Ephraim Woods and Irma Dorsey (Docs. 36, 37, 42, & 43) are stricken from the record of this case. The court directs the Clerk of the Court to terminate those motions on this case's docket.

**IT IS SO ORDERED.**

**Dated this 8th day of April, 2019, at Kansas City, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**